

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ESCOBEDO,<br><br>Defendant. | Case No. CR 21-66-FLA<br><br>ORDER OF DETENTION |

I.

On June 8, 2021, Defendant made his initial appearance on the indictment filed in this matter. Charles Brown, a member of the indigent defense panel was appointed to represent Defendant. A detention hearing was held.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments, the

arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ Defendant was a fugitive for six weeks
- ☒ insufficient bail resources[1]
- ☒ failures to appear for driving without a license/suspended license
- ☒ does not appear to be legitimately employed
- ☒ Unrebutted Presumption.

As to danger to the community:

- ☒ The indictment alleges that defendant is a primary source of cocaine supplied to the Bounty Hunter Bloods, a criminal street gang.
- ☒ Criminal history includes felony convictions in 2009 (receiving stolen property) and 2016 (controlled substances) and multiple misdemeanor convictions for driving under the influence, driving without a license, and driving with a suspended license
- ☒ Defendant has numerous law enforcement contacts for various offenses including domestic violence.
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

---

[1] During the hearing, Counsel proffered Defendant's sister as a surety willing to sign a $25,000 unsecured appearance bond. However, the Court has no information regarding the viability of this surety and does not find the proposed bond sufficient to address concerns for flight, given the nature of the charges that Defendant faces.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: June 8, 2021

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE